IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ELLET D. MORTON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | No. 5:12-CV-188 (CAR) |
| BANK OF AMERICA CORPORATION: | | |
| d/b/a BANK OF AMERICA, N.A., | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER ON MOTION

Before the Court is Defendant Bank of America Corporation's[1] ("BOA") Motion to Dismiss Plaintiff Ellet D. Morton's Complaint [Doc. 6]. Therein, BOA contends that Plaintiff's Complaint, requesting monetary and equitable relief, should be dismissed in its entirety. Having considered the matter and the applicable law, the Court concludes that Plaintiff's Complaint is barred by judicial estoppel and fails to state a claim upon which relief may be granted. Accordingly, Defendant BOA's Motion to Dismiss [Doc. 6] is **GRANTED**.

## LEGAL STANDARD

---

[1] Plaintiff incorrectly identified Bank of America Corporation as Defendant Bank of America Corporation d/b/a/ Bank of America, N.A.

1

On a motion to dismiss, the Court must accept as true all well-pleaded facts in a plaintiff's complaint. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009). To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain specific factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, ---, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). A claim is plausible where the plaintiff alleges factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports a plaintiff's claims. Bell Atlantic Corp., 550 U.S. at 556, 127 S. Ct. at 1965.

## BACKGROUND

On December 11, 2006, Plaintiff purchased property located at 619 College Street, Macon, Georgia (the "Property"). The next day Plaintiff obtained a construction mortgage from BOA and executed a security deed in its favor. The construction mortgage was to convert into a permanent mortgage in one year upon the completion of construction and subsequent building inspection by BOA.[2]

---

[2] It is unclear when, if ever, Plaintiff's construction mortgage converted into a permanent mortgage. For all intents and purposes, it appears Plaintiff believed this conversion happened on December 12, 2007,

2

From the date of expected conversion in December of 2007 until the spring of 2008, Plaintiff attempted, without success, to learn the amount of his new monthly payment under the permanent mortgage. In January of 2008, without knowing this amount, Plaintiff made his first payment on what he believed to be his permanent mortgage. Subsequently, BOA "began removing" money from Plaintiff's eighteen BOA checking accounts and applying the money toward his loan. [Doc. 1.1 ¶ 16]. The Complaint is silent as to the total amount removed and how often BOA removed money from Plaintiff's accounts.[3]

Eventually that spring, BOA informed Plaintiff that his construction mortgage number did not exist and that there was no record of a permanent mortgage number. Notwithstanding, Plaintiff later received loan modification paperwork from BOA. Plaintiff, attempting to "clear up [this] issue," spoke with an individual at McCalla Raymer, LLC, BOA's retained law firm, who told him that he would contact BOA and then contact Plaintiff. [Doc. 1.1 ¶ 20].

More than a year later in June of 2009, Plaintiff hired United Law Group ("United"), a loan modification firm in California, to represent him. Plaintiff did not have any further contact with BOA until 2010. Aside from these allegations, the

---

although Plaintiff's rendition of the facts indicates that in the spring of 2008 he learned this conversion might not have happened.
[3] The Court notes that Plaintiff does not allege in his Complaint that he made any other payments, aside from his initial January 2008 payment.

Complaint is silent as to what, if anything (including whether Plaintiff made any payments on his loan), happened between the spring of 2008 and the spring of 2010.

On March 2, 2010, unbeknownst to Plaintiff, BOA foreclosed on the Property. Six days later on March 8, Plaintiff received a letter from BOA informing him of the foreclosure. Upon receipt of this letter, Plaintiff contacted United who in turn learned that Plaintiff's loan modification was being processed. Around that time, BOA also informed United and Plaintiff via conference call, that no such loan existed.

Bankruptcy Proceedings

On July 2, 2010, Plaintiff filed for Chapter 7 Bankruptcy in the Southern District Court of Florida, in part because of BOA's conduct.[4] In his filing, Plaintiff acknowledged that BOA was a secured creditor of the Property and alleged in his Statement of Intention that he intended to retain the Property and reaffirm the debt to BOA. In his Statement of Financial Affairs, Plaintiff did not list his claims against BOA as a potential asset on his bankruptcy schedule. That fall during his bankruptcy proceedings, Plaintiff learned that his loan had a new number and lender and that the March 2, 2010 foreclosure had not been conducted under his original loan number.

---

[4] Pursuant to Rule 201(b) of the Federal Rules of Evidence, a court has the discretion to *sua sponte* take judicial notice of certain facts, including court documents from a prior proceeding. Fed. R. Evid. 201(b); Horne v. Potter, 392 F. App'x 800, 802 (11th Cir. 2010) (holding district court may take judicial notice of public records, including prior court proceedings, without converting a motion to dismiss into a motion for summary judgment). In this case, the Court *sua sponte* takes judicial notice of Plaintiff's prior bankruptcy proceeding, In re Ellet D. Morton, 10-29034-JKO.

On October 14, 2010, Plaintiff's bankruptcy proceedings were discharged and his debts were discharged in the full amount of $5,585,520.04.  Plaintiff's bankruptcy action was closed on January 28, 2011.

Post-Bankruptcy

In January of 2011, Plaintiff received two different letters from BOA, one informing him that his loan had a new lender and the other informing him that there was not a new lender.  In June, Plaintiff received a third letter from BOA informing him that it, BOA, was the lender of his loan, and providing Plaintiff with a new loan number.

Almost one year later in March of 2012, Plaintiff called BOA to determine what loans existed under his social security number.  BOA informed Plaintiff that his loan was in active foreclosure and had not been sold.  On April 2, 2012, BOA filed a dispossessory action in the Bibb County Magistrate Court, and Plaintiff filed an answer on April 10, 2012.

Procedural History

On April 13, 2012, Plaintiff filed the instant action in Bibb County Superior Court against BOA alleging the following five counts: wrongful foreclosure, intentional infliction of emotional distress, misrepresentation and fraud, negligence, and "equity/temporary injunction."  BOA was served with process on May 2, 2012,

and after filing an answer and a motion to dismiss, BOA removed the action to this Court on May 25, 2012. BOA subsequently renewed and refiled its Motion to Dismiss in this Court.

## DISCUSSION

A. Plaintiff's Claims for Damages

In its Motion, BOA contends that Plaintiff is judicially estopped from pursuing his claims for wrongful foreclosure, intentional infliction of emotional distress, misrepresentation and fraud, and negligence because Plaintiff failed to disclose the instant lawsuit for monetary damages in his prior bankruptcy action. The Court agrees.

Judicial estoppel is an equitable doctrine which prevents a party from "asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding." Robinson v. Tyson Foods, Inc., 595 F.3d 1269, 1273 (11th Cir. 2010) (internal quotations and citation omitted). The Eleventh Circuit applies "a two part test for judicial estoppel[:] (1) has the party previously adopted an inconsistent position under oath in a judicial proceeding, and (2) did the party intend to make a mockery of the judicial system." See Jones v. United States, No. 1:11-cv-00771-JOF, 2012 WL 833320, at *2 (11th Cir. Mar. 14, 2012) (per curiam) (citing Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1285 (11th Cir. 2002)). These factors are not

exhaustive, and the Court must "give due consideration to the circumstances of the particular case." Robinson, 595 F.3d at 1273.

Here, the first factor, taking an inconsistent position under oath, is satisfied because Plaintiff did not disclose this lawsuit against BOA as an asset in his financial statement. "A debtor seeking shelter under the bankruptcy laws has a statutory duty to disclose all assets, or potential assets to the bankruptcy court." Id. at 1274 (citing 11 U.S.C. §§ 521(1), 541(a)(7)). "The duty to disclose is a continuing one that does not end once the forms are submitted to the bankruptcy court; rather the debtor must amend [his] financial statements if circumstances change." Id. (internal quotations and citation omitted).

Plaintiff argues that in both his bankruptcy action and this lawsuit, he has been consistent with his intention to keep the Property and reaffirm the debt to BOA and therefore he has not taken inconsistent positions under oath. The Court finds Plaintiff's argument to be ignorant of the applicable law. In determining whether a plaintiff takes inconsistent positions under oath, a court considers whether he failed to disclose potential assets to the bankruptcy court that were known or anticipated at the time of his filing. See Burnes, 291 F.3d at 1285. The Court does not, as Plaintiff reasons, focus on whether he had the same intentions in both filings. Thus, because Plaintiff does not allege that he listed the instant lawsuit against BOA as a potential

7

asset, a fact supported by the bankruptcy record, the Court concludes that Plaintiff's initiation of the present lawsuit constitutes the taking of inconsistent positions under oath.

Next the Court considers the second factor of judicial estoppel, Plaintiff's intention. When considering a party's intent, the Eleventh Circuit requires "intentional contradictions, not simple error or inadvertence." Robinson, 595 F.3d at 1275 (internal quotations and citation omitted). "[D]eliberate or intentional manipulation can be inferred from the record, where the debtor has knowledge of the undisclosed claims and has motive for concealment." Barger v. City of Cartersville, Ga., 348 F.3d 1289, 1294 (11th Cir. 2003 (quotation omitted). "Preventing assets from becoming part of a bankruptcy estate, and thus facilitating a discharge, is sufficient to satisfy the motive for concealment requirement." Smith v. Wayne Farms, L.L.C., No. CV-11-5-3590-NE, 2012 WL 1746857, at *3 (N.D. Ala. 2012).

Based upon the facts alleged in his Complaint, the Court finds that Plaintiff had the requisite intent to satisfy the second factor of judicial estoppel. Plaintiff's Complaint clearly alleges that the foreclosure occurred on March 2, 2010, that Plaintiff received notice of this foreclosure on March 8, 2010, and that he filed for bankruptcy on July 2, 2010. Moreover, Plaintiff's claims against BOA are based on events that occurred prior to and during the pendency of his bankruptcy, indicating that Plaintiff

was aware of the facts that formed the basis of his claims during his bankruptcy action and that he neither disclosed this lawsuit nor revised his bankruptcy petition to reflect this potential asset. And finally, Plaintiff had motive to conceal a potential lawsuit, as his debts were discharged in the full amount of $5,585,520.04. The disclosure of this suit would have jeopardized that outcome. The Court thus concludes that Plaintiff was aware of his anticipated claims against BOA and had motive for concealment.

The Court further concludes that there are not any specific circumstances of Plaintiff's case that make judicial estoppel otherwise inappropriate, nor does Plaintiff identify any for this Court's consideration. Additionally, the Court acknowledges that Plaintiff is represented by counsel in this case and he was represented by counsel in his prior bankruptcy case. Accordingly, Plaintiff's claims for wrongful foreclosure, intentional infliction of emotional distress, misrepresentation and fraud, and negligence are barred by judicial estoppel and are thus **DISMISSED**.

B. <u>Plaintiff's Claim for Declaratory and Injunctive Relief</u>

The Court next considers Plaintiff's nonmonetary claims for declaratory and injunctive relief. In his Complaint, Plaintiff requests a temporary injunction to prevent Defendant from evicting him from the Property during the litigation and a declaratory judgment to determine the actual holder of the mortgage. Unlike Plaintiff's monetary claims for relief, his claims for equitable relief are not barred by judicial estoppel as

they offer no value to Plaintiff's bankruptcy estate and do not affect his creditors or Trustee. Notwithstanding, Plaintiff's requests for equitable relief must also be dismissed.

Plaintiff first requests a temporary injunction to prevent Defendant from evicting Plaintiff from the Property. However, based on the Court's instant ruling, there are not any remaining substantive claims for which Plaintiff is entitled to receive an injunction. Johnson v. Wellborn, 418 F. App'x 809, 816-17 (11th Cir. 2011) (citation omitted) ("Because the amended complaint's allegations do not support any substantive claims, [plaintiff] was not entitled to receive an injunction based on these claims."). Accordingly, Plaintiff's request for a temporary injunction is **DISMISSED**.

Similarly, Plaintiff's request for declaratory relief is also due to be dismissed as there is not a remaining controversy at issue. MacLean v. City of St. Petersburg, 194 F. Supp. 2d 1290, 1304 (M.D. Fla. 2002). The Declaratory Judgment Act, 28 U.S.C. § 2201(a), provides,

> In a case of actual controversy, within its jurisdiction … any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relation of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a).  The Declaratory Judgment Act "does not enlarge the jurisdiction of federal courts but rather is operative only in respect to controversies which are such in the constitutional sense….  Thus the operation of the Declaratory Judgment Act is procedural only."  McLean, 194 F. Supp. 2d at 1304.  (citation and internal quotation omitted).  Here, because there are no longer any underlying substantive claims, there is not a proper "controversy" in this case to warrant declaratory relief.  Accordingly, Plaintiff's request for declaratory judgment is **DISMISSED**.

## CONCLUSION

Based on the foregoing, the Court concludes that Plaintiff's claims are barred by judicial estoppel and fail to state a claim for which relief may be granted.  Accordingly, Defendant's Motion to Dismiss [Doc. 6] is **GRANTED**.

**SO ORDERED,** this 7th  day of September, 2012.

> S/  C. Ashley  Royal
> C. ASHLEY ROYAL
> UNITED STATES DISTRICT JUDGE

LMH

11